925 F.2d 1456
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Brenda KNIGHT, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 90-1042.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 10, 1991.
Decided Feb. 20, 1991.
 
 Appeal from the United States District Court for the Western District of Virginia, at Abingdon. Glen E. Conrad, United States Magistrate Judge. (CA-89-178-A)
 John Joseph Gifford, Southwest Virginia Legal Aid Society, Inc., Marion, Va., for appellant.
 Hope Switkay Bugay, Assistant Regional Counsel, Office of the General Counsel, Department of Health and Human Services, Philadelphia, Pa. (Argued), for appellee; Eileen Bradley, Chief Counsel, Region III, William B. Reeser, Supervisory Assistant Regional Counsel, Office of the General Counsel, Department of Health and Human Services, Philadelphia, Pa., E. Montgomery Tucker, United States Attorney, Jean M. Barrett, Assistant United States Attorney, Roanoke, Va., on brief.
 W.D.Va.
 AFFIRMED.
 Before DONALD RUSSELL and SPROUSE, Circuit Judges, and JAMES T. COPENHAVER, Jr., United States District Judge for the Southern District of West Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Brenda Knight appeals from a judgment of the district court affirming the denial of Social Security Disability Insurance benefits and Supplemental Security Income by the Secretary of Health and Human Services. Holding that substantial evidence supports the Secretary's decision, we affirm.
 
 
 2
 * In 1977, Mrs. Knight received disability benefits based on weight loss and psychiatric difficulties. These benefits, however, were terminated in 1980 and, as a result, Mrs. Knight submitted a number of applications to renew her benefits. We now review her most recent claim, which she filed in March 1988. Mrs. Knight, who was born in 1946 and possesses a general education diploma, performed a number of jobs between 1970 and 1988. Between 1970 and 1976 she worked as a machine operator. In 1977 and 1978 she worked as an assembly line worker. From 1979 to 1986, Mrs. Knight remained at home to care for her new-born son, as well as another son and her husband, who she stated was disabled with muscular dystrophy. From November 1987 to February 1988, Mrs. Knight worked as a sewing machine operator. At that job, she worked nine hours a day, five days a week, until her employer laid her off.
 
 
 3
 Mrs. Knight now claims she has been disabled since 1983 due to weight loss, heart disease, shortness of breath, back pain, nervousness and allergies. The administrative law judge (ALJ) found that Mrs. Knight retained sufficient physical and emotional capacity to return to her past work and, thus, denied her request for disability benefits and Supplemental Security Income. The ALJ's opinion was adopted as the final decision of the Secretary by the Social Security Administration's Appeals Council. Thereafter, Mrs. Knight appealed to the district court, which affirmed the Secretary's decision, finding it supported by substantial evidence.
 
 II
 
 4
 On appeal, Mrs. Knight contends that the Secretary's decision is not supported by substantial evidence and that the Secretary did not properly consider her psychiatric disabilities under Secs. 12.04 and 12.08 of the third stage of the evaluation process. See 20 C.F.R., Pt. 404, Subpt. P, App. 1; 20 C.F.R. Sec. 404.1520(d).
 
 
 5
 Mrs. Knight had been seen on a regular basis at the Bristol Regional Mental Health Center. Her treating psychiatrist, Dr. Patel, reported in 1987:
 
 
 6
 This is a 40-year-old female with the diagnosis of Dysthymic Disorder, as well as Histrionic Personality Disorder, and possibly even Dependent Personality Disorder. Patient has been seen here for some time. However, I don't think she is making any progress whatsoever. She says she has been "like this all my life." She says the only thing that bothers her at times is that she is getting worse and would not specify. She says that her husband has been getting ill-tempered; and she cannot cope with him at times, but tries to do her best. At times, she also feels dizzy, has been followed by Dr. Speer at the medical clinic of the hospital. She says she has "slow heart rate, low blood pressure, and mitral valve prolapse." Otherwise, she says that there are no other significant changes. She has not been feeling better with any of the medications she has been given from here.
 
 
 7
 Patient appears same. She is not going to change, and I don't see how she is going to be helped and I don't believe she has been getting anywhere by coming here. She does not manifest any significant psychotic disorder, neither does she appear to be severely depressed. She smiles often and continues to somatize.
 
 
 8
 I don't see any need for her to come back and see me, and I am not sure she would gain anything through her therapy. I think the best thing would be to close her case unless some crisis comes up, treat her for the crisis and terminate her again.
 
 
 9
 Mrs. Knight was referred for psychological evaluation by the state agency in February 1988. Dr. Menzel, a clinical psychologist who had seen her on several occasions since 1984, performed the 1988 examination and reported:
 
 
 10
 The validity patterns produced suggest exaggeration or conscious deception to "fake bad." In light of this, the profile should be interpreted with caution. Both the distress scales (2 and 7) and the psychotic scales (6 and 8) were elevated. Also, social isolation, withdrawal, and alienation is apparent. No psychotic symptoms were apparent, and I doubt that this patient has ever been in a psychotic state. The profile obtained is typical of a characterological disorder; and a diagnosis of Personality Disorder, Not Otherwise Specified, was given. Ms. Knight has traits of Passive-Aggressive, Paranoid, Dependent, Avoidant, and Borderline Personality Disorder. Anxiety and depression is a constant complaint; and yet, problems seem unresolvable due to the patient's unwillingness to follow through and pursue a task to its completion. Low self-esteem and self-depreciatory statements are commonly expressed, and Ms. Knight's pessimistic outlook frequently defeats her before she can accomplish or even begin to accomplish a desired goal. Her prognosis is poor due to the long-standing and characterologically ingrained nature of her personality and behavior patterns.
 
 
 11
 In contrast, Mrs. Knight's family physician, Dr. Sutherland, who is a general practitioner, summarized her treatment between August 1987 and March 1988, stating that she was anxious and depressed and had suffered significant weight loss followed by an appreciable gain. He diagnosed major depression with anxiety, borderline personality disorder, and mitral valve prolapse.
 
 
 12
 Dr. Castle, also a general practitioner, saw Mrs. Knight over a three-month period and stated as follows:
 
 
 13
 I have seen Mrs. Knight as a patient on several occasions during the last three months and have followed her concerning her medical problems. Dr. Robert Lindeman, licensed psychologist, and I have seen her regarding psychological evaluation and counseling needs.
 
 
 14
 In my opinion, Mrs. Knight suffers from: major depression and is presently unable to work. Dr. Lindeman has indicated to me that he agrees with this diagnosis and that Mrs. Knight is unable to work due to her illness. She is presently under our treatment for this condition.
 
 
 15
 We are persuaded that substantial evidence supports the Secretary's decision. Richardson v. Perales, 402 U.S. 389 (1971); Blalock v. Richardson, 483 F.2d 773 (4th Cir.1972). We also find no merit in Mrs. Knight's contention that her psychiatric condition was not properly considered. She argues that the ALJ failed to specifically compare her symptoms to listed impairments as required by our decision in Cook v. Heckler, 783 F.2d 1168, 1173 (4th Cir.1986). The ALJ, however, specifically found that Mrs. Knight did not satisfy the requirements of Secs. 12.04 and 12.08 and, after thoroughly examining the evidence, explained the reasoning behind his conclusion that Mrs. Knight was not disabled. Cook does not mandate a thoughtless, mechanical application of the regulations. The ALJ heeded its principal thrust by specifying and explaining the reasoning for his decision and provided a basis for our review.
 
 
 16
 In light of the above, the judgment of the district court is affirmed.
 
 
 17
 AFFIRMED.